IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-30107
(Summary Calendar)

GEORGE R. DAVIS, JR., ET AL.,

Plaintiffs-Appellees,

versus

JOE JONES; MELDER PUBLISHING,

Defendants-Third Party Plaintiffs-
Cross-Defendants-Appellants,

versus

CURB RECORDS,

Defendant-Cross-Claimant-Appellee,

and

CYRIL NEVILLE, AARON NEVILLE; ARTHUR NEVILLE, JR.,

Third Party Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(USDC No. 91-CV-4634-T)
- - - - - - - - - -
July 6, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Joe Jones as Jones d/b/a Melder Publishing Company appeals the district court's judgement in this case. Jones is proceeding pro se. We apply less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe briefs of pro se litigants; however, pro se parties must still brief the issues. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995). General arguments giving only broad standards of review and not citing to specific errors are insufficient to preserve issues for appeal. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

The only argument that Jones's brief can be construed to raise is an attack on the district court's holding that Jones waived the affirmative defense of statute of limitations. The district court's rejection of Jones's statute-of-limitations argument was appropriate for two reasons. First, Jones waived the affirmative defense of statute of limitations because he did not plead the defense until the morning of trial. <u>Ashe v. Corley</u>, 992 F.2d 540, 545 n.7 (5th Cir. 1993). Second, 17 U.S.C. § 507(b) did not bar the current action because the suit was filed within three years of the publication of the compact disc. <u>Makedwde Publishing Co. v. Johnson</u>, 37 F.3d 180, 182 (5th Cir. 1994) (each act of infringement gives rise to an independent cause of action).

Jones's motion to file supplemental record excerpts is GRANTED. Jones's motion to supplement the record contains nothing more than additional argument and is DENIED. Jones has shown no

2

compelling reason for his motion to substitute the original exhibits that were placed under protective custody by the district court. This motion is DENIED.

AFFIRMED.